**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Randall Neal WYNN, Defendant—**
**Appellant.**

No. 01–35388.

D.C. Nos. CV–96–06330–HO,
CR–93–60022–HO.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2001.*

Decided Dec. 7, 2001.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Randall Wynn was convicted by a jury for conspiring to "Distribute, and Possess with Intent to Distribute, Controlled Substances, to-wit: Heroin, Methamphetamine, Cocaine and Marijuana" in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 211 months' incarceration and 60 months' supervised release. Wynn appeals, challenging his sentence and conviction under the Supreme Court's recent ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm.

Wynn argues that *Apprendi* has retroactive effect and thus invalidates his sentence and conviction because the district court sentenced him on the basis of drug amounts not submitted to the jury. We need not reach the issue of retroactivity because Wynn's *Apprendi* claim is without merit. In *United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir.2000), we held that an individual cannot be sentenced pursuant to *Apprendi* above the "prescribed statutory maximum," which is the maximum punishment to which the defendant could be exposed "solely under the facts found by the jury." In this case, the statutory maximum is prescribed by § 841(b)(1)(C), which provides a maximum sentence of 20 years' incarceration and indefinite supervised release without regard to a finding of any drug amount. Because Wynn's sentence does not exceed the prescribed statutory maximum, we affirm his conviction.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.